

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS

Grover Sellers
PRICE DANIEL
ATTORNEY GENERAL

Hon. Perry J. Jones
County Attorney, Travis County
Austin, Texas

Dear Sir:

Opinion No. 0-7034

Re: Whether a veteran who quali
under Article 6, Section 2a
the Texas Constitution is r
quired to obtain a certific
of exemption before he can
and related questions.

We have your recent request for an opinion on nine
questions raised by Article 6, Section 2a, of the Texas Con-
stitution.

The provision under consideration, which was sub-
mitted by Senate Joint Resolution No. 7, 49th Legislature, a
which was adopted by the qualified voters of the State of Te
at an election held on August 25, 1945, and thereby became a
part of the Constitution of the State of Texas and known as
Section 2a of Article VI thereof, reads as follows:

"Section 2a. Nothing in this constitution shall
be construed to require any person, who at the time
of the holding of an election hereinafter referred
to is, or who, within eighteen months immediately
prior to the time of holding any such election was,
a member of the armed forces of the United States
or of the Armed Force Reserve of the United States,
or of any branch or component part of such armed
forces or Armed Force Reserve, or the United States
Maritime Service or the United States Merchant
Marine, and who is otherwise a qualified voter under
the laws and Constitution of this state, to pay a
poll tax or to hold a receipt for any poll tax
assessed against him, as a condition precedent to
his right to vote in any election held under the
authority of the laws of this state, during the
time the United States is engaged in fighting a war,
or within one year after the close of the calendar
year in which said war is terminated.

"Provided, however, that the foregoing pro-
visions of this section do not confer the right to

vote upon any person who is a member of the regular
establishment of the United States Army, Navy, or
Marine Corps; and provided further, that all persons
in the armed forces of the United States, or the
component branches thereof not members of the reg-
ular establishment of the United States Army, Navy,
or Marine Corps, are hereby declared not to be
disqualified from voting by reason of any provision
of sub-section 'Fifth' of Section 1, of this
Article."

In view of the fact that this provision was adopted
as an amendment to the Constitution after the last session of
the Legislature, your request presents the problem of determi
the effect of such amendment, which has become a part of the
fundamental law of this State, upon prior constitutional and
statutory provisions governing the qualifications of voters
and the conduct of elections. The Texas Legislature has not
been in session since the effective date of this amendment,
and therefore no new law has been enacted and no old statute
has been amended since that date. All of the constitutional
and statutory provisions quoted andreferred to herein were in
effect prior to the adoption of the above amendment, and are
still in effect except insofar as they may have been repealed
or modified by such amendment.

Question 1:  "Does Article VI, Section 2-a, of
the Constitution of Texas exempt persons who
come within its terms from liability for pay-
ment of a poll tax?"

Article VIII, Section 1, of the Constitution of
Texas, authorizes the Legislature to impose a poll tax; and
Article VII, Section 3, provides, in part:

"One-fourth of the revenue derived from the
State occupation taxes and poll tax of one dollar
on every inhabitant of the State, between the ages
of twenty-one and sixty years, shall be set apart
annually for the benefit of the public free schools;
. . . ."

Article 7046, 2959, and 2960, Vernon's Annotated R
Civil Statutes, impose an annual poll tax and provide certai
exemptions therefrom.

"There an amendment to the constitution predicates a conflict with existing legislation, the inconsistent statutory provisions are repealed by implication. State of Rhode Island v. Palmer, 253 U. S. 350, 64 L. Ed. 946, 40 Sup. Ct. 486 (1919) Sutherland's Statutory Construction, (3d. ed., Forack), Sec. 2025. However, we see no inconsistency between the above-mentioned constitutional and statutory provisions imposing the poll tax and the constitutional amendment under consideration. The language used in the constitutional amendment does not indicate an intention to repeal or amend such prior laws imposing the poll tax. Therefore, as previously held in our Opinion No. O-6821, it is our opinion that although the persons named in the amendment are not required, as a condition precede to their right to vote, to pay a poll tax or to hold a receipt therefor, yet the amendment does not exempt them from the payment of the poll tax. We answer your Question 1 in the negative.

> Question 2: "Is the Tax Collector authorized to issue a certificate of exemption to a person who comes within the terms of Article VI, section 2-a, of the Constitution of Texas, assuming that such person is not otherwise exempt from payment of a poll tax?"

Although the constitutional provision under consideration does not mention certificates of exemption, it is clear from a reading of the statutes that a person who is not exempt from the payment of the poll tax is not entitled to a certificate of exemption. Only those persons who are exempted by law from the payment of a poll tax, and who are therefore entitled to a certificate to that effect, are required to obtain such a certificate. It would be foolish to say that a person who is not exempt from payment of a poll tax must obtain a certificate stating that he is exempt from such payment.

Article 2968, Vernon's Annotated Revised Civil Statutes, provides, in part:

> "Every person who is exempted by law from the payment of a poll tax, and who is in other respects a qualified voter, who resides in a city of ten thousand (10,000) inhabitants or more, shall, before the first day of February or the year when such voter shall have become entitled to such exemption, obtain from the Tax Collector of the county of his or her

residence, a certificate <u>showing his or her exemption</u>
<u>from the payment of a poll tax.</u>"

Article 2968a, Vernon's Annotated Revised Civil Stat-
utes, provides that every person not subject to certain dis-
qualifications who does not reside in a city of ten thousand
inhabitants or more, "and <u>who is exempt from the payment of a</u>
<u>poll tax</u> by reason of the fact that he or she has not yet
reached the age of twenty-one years on the first day of Janu-
ary preceding its levy, or <u>who is exempt from the payment of</u>
<u>a poll tax</u> because he or she was not a resident of the State
on the first day of January preceding its levy, but who shall
have since become eligible to vote by reason of length of res-
dence or age," shall obtain a certificate of exemption from t
payment of a poll tax, and that "<u>no such person</u> who has faile
or refused to obtain such certificate of exemption from the
payment of a poll tax shall be allowed to vote."

Article 2960a, Vernon's Annotated Revised Civil Sta
utes, enacted in 1943, provides a certificate of exemption fo
honorably discharged veterans under certain conditions; but
that statute is inapplicable because it does not have effect
until "after the United States of America has ceased the pros
cution of the war and has concluded a peace with all of her
enemies commonly known as the Axis Powers." In our Opinion,
No. 0-6828, we held that "World War II has not yet terminated
and will not terminate until the Congress of the United Stat
or the President, by authority from Congress, formally pro-
claims that it is terminated.

We have found no other statutes authorizing the is
of certificates of exemption. Since, in our opinion, a pers
who qualifies under the constitutional amendment under con-
sideration is not by reason thereof exempt from payment of t
poll tax, he is therefore not entitled to a certificate of
exemption under the above statutes. We answer your <u>Question</u>
in the <u>negative.</u>

> <u>Question 3</u>: "Is a person who comes within
> the terms of Article VI, section 2-a, of
> the Constitution of Texas, and who is other-
> wise a qualified voter, qualified to vote
> even though he has not paid a poll tax and
> has not obtained a certificate of exemption?"

Article VI, Section 1, of the Constitution of Texas, provides:

"The following classes of persons shall not be allowed to vote in this State, to-wit:

First:    Persons under twenty-one (21) years of age
Second:  Idiots and lunatics
Third:    All paupers supported by any county
Fourth:  All persons convicted of any felony, subject to such exceptions as the Legislature may make
Fifth:    All soldiers, marines and seamen employed in the service of the Army or Navy of the United States . . . ."

(The second paragraph of the amendment under consideration limits the "Fifth" subdivision above to members of th "regular establishment.")

Article 2954, Vernon's Annotated Revised Civil Stat utes, contains substantially the same provisions as the above quotation.

Article VI, Section 2, of the Constitution of Texas provides:

"Every person subject to none of the foregoing disqualifications, who shall have attained the age of twenty-one years and who shall be a citizen of the United States and who shall have resided in this State one year next preceding an election and the last six months within the district or county in which such person offers to vote, shall be deemed a qualified elector; . . . and provided further, that any voter who is subject to pay a poll tax under the laws of the State of Texas shall have paid said tax before offering to vote at any election in this State and hold a receipt showing that said poll tax was paid before the first day of February next preceding such election. . . ."

Article 2955, Vernon's Annotated Revised Civil Stat utes, contains the same qualifications required of an electc as those quoted above, with the additional provision that:

". . . . and, if said voter is <u>exempt from</u> <u>paying a poll tax</u> and resides in a city of ten <u>thousand (10,000)</u> inhabitants or more, he or she must procure a certificate <u>showing his or her</u> <u>exemptions, as required by this title. . ."</u>

In <u>Texas Power & Light Co. v. Brownwood Public Servi</u> <u>Co.</u>, 111 S. W. (2) 1225 (Austin Civ. App. 1937), the last quot provision of Article 2955 was upheld as against the contentior that the Legislature had no power to impose such additional r¢ quirements.

Article 2956, Vernon's Annotated Revised Civil Stat-utes, which provides for absentee voting, requires that:

". . . . Such application shall be accompanied by the poll tax receipt or exemption certificate of the elector, or, in lieu thereof, his affidavit in writing that same has been lost or mislaid...."

Article 3004, Vernon's Annotated Revised Civil Stat-utes, provides, in part:

"No citizen shall be permitted to vote, unless he first presents to the judge of election his poll tax receipt or certificate of exemption issued to him before the first day of February of the year in which he offers to vote, <u>except as otherwise per-</u> <u>mitted in this title,</u> unless the same has been lost or mislaid, or left at home, in which event he shall make an affidavit of that fact, which shall be left with the judges and sent by them with the returns of the election; . . . ."

Article 216, Vernon's Annotated Penal Code of Texas provides:

"Any judge of an election or primary who wilfully permits a person to vote, whose name does not appear on the list of qualified voters of the precinct and who fails to present his poll tax receipt or certificate of exemption or make affidavit of its loss or misplace-ment or inadvertently left at home, <u>except in cases</u> <u>where no certificate of exemption or tax receipt is</u> <u>required,</u> shall be fined not exceeding five hundred dollars."

It is apparent that, prior to adoption of the constitutional amendment under consideration, the Legislature, by the terms of the above statutes, had required presentation of either a poll tax receipt or a certificate of exemption as a prerequisite to the right to vote, except in cases where no certificate of exemption or tax receipt is required. The statutes recognize that in some cases no certificate is required, for example, in the case of a person over sixty years of age who does not reside in a city of ten thousand inhabitants or more.

The constitutional amendment in question certainly presents another exception. Those who qualify thereunder are not required to have a poll tax receipt; and, not being exempt from the tax, they are not entitled to an exemption certificate. Therefore, the above quoted statutes are not applicable to such persons.

Another reason that the exemption certificate statutes are not applicable is this: The poll tax is levied as of January 1 of each year and is payable between October 1 of that year and February 1 of the succeeding year; and payment prior to February 1 of such succeeding year is a prerequisite to voting during that year (Feb. 1 to Feb. 1). In other words, a poll receipt or exemption certificate for the 1945 tax, obtained prior to Feb. 1, 1946, entitles a qualified voter to vote there after during 1946. But the constitutional amendment under consideration imposes an entirely different time limitation, to-wit: that a person who at the time of holding an election is or who within 18 months immediately prior to the time of holding such election was, a member of the armed forces, etc., shall not be required to pay a poll tax or to hold a receipt for a poll tax as a condition precedent to his right to vote in such election. For example, a person otherwise qualified who becomes a member of the armed forces on or after Feb. 1, 1946, would be qualified to vote thereafter during 1946 without paying a poll tax, but the time limit for obtaining his exem certificate under the statute would have expired prior to Feb. 1, 1946. On the other hand, if we should hold that a person who qualifies under the amendment is entitled to and required to obtain an exemption certificate, it would seem to follow that a member of the armed forces discharged during April 1945 would be entitled to obtain an exemption certific prior to Feb. 1, 1946, even though the 18 months' period pre

in the amendment would expire prior to the general election in November, 1946. The annual poll tax is levied on a certain da and it must be paid by a certain date, or an exemption cer- tificate must be obtained by a certain date, in order for eith to serve as a qualification for voting; and when properly ob- tained, the receipt or certificate serves as evidence of the r to vote during a certain year. It is apparent from the above that these statutes could not be applied effectively in their present form, to persons who qualify under the constitutional amendment.

Assuming that the Legislature would now have the power to set up a valid requirement that persons who qualify under Section 2a of the Constitution must obtain a special cer tificate and that no such person will be permitted to vote unless he presents such certificate (which question we are no now called upon to decide), yet it is clear that the Legislat has made no such requirement. Certainly, a person who quali- fies as a voter under the Constitution is not to be disfran- chised and refused the right to vote merely because the Legis lature has not provided for the issuance of a certificate showing his qualification.

The Courts of Texas have throughout the years liber construed the statutory regulations affecting the right of a voter freely to cast his vote in the expression of his free choice at an election and, in the absence of statutory comman will not disfranchise him. State v. Martin, 186 S. W. (2d) 111 (Amarillo Civ. App. 1945); see Davis v. State, 75 Tex. 42 12 S. W. 957; Ramsey v. Wilhelm, 52 S. W. (2d) 757 (Austin Ci App. 1932); Stratton v. Hall, 90 S. W. (2d) 865 (El Paso Civ. App. 1936); Lee v. Whitehead, 182 S. W. (2d) 745 (San Antonio Civ. App. 1944). The constitutional amendment under consider tion was clearly intended to permit servicemen and ex-service who qualify thereunder to vote without paying a poll tax regs less of prior legislation on the subject. It would be un- reasonable to say that the effect of the amendment is to disfranchise such person because they cannot qualify under th existing exemption-certificate statutes and because the Legi lature has made no special provision for them. To so hold would be to render the amendment meaningless and of no effec whatever.

Therefore, we answer your Question 3 in the affirm tive.

Question 4: "Is the Tax Collector authorized to include on the certified list of voters the names of persons who come within the terms of Article VI, section 2-a, of the Constitution of Texas, but who have not paid a poll tax and have not obtained a certificate of exemption?"

Article VI, Section 4, of the Constitution of Texas, provides:

"In all elections by the people the vote shall be by ballot and the Legislature shall provide for the numbering of tickets and make such other regulations as may be necessary to detect and punish fraud and preserve the purity of the ballot box and the Legislature may provide by law for the registration of all voters in all cities containing a population of ten thousand inhabitants or more."

Article 2975, Vernon's Annotated Revised Civil Statutes, requires that:

"Before the first day of April every year, the County Tax Collector shall deliver to the Board that is charged with the duty of furnishing election supplies separate certified lists of citizens in each precinct who have paid their poll tax or received their certificates of exemption,"

such lists to be arranged in a certain order and to contain certain information, and further provides for supplemental lists any county containing a town of more than ten thousand inhabitants.

Article 3121, Vernon's Annotated Revised Civil Statutes, reads as follows:

"The county tax collector shall deliver to the chairman of the county executive committee of each political party, for its use in primary elections, at least five days before election day, certified and supplemental lists of the qualified voters of each precinct in the county, arranged alphabetically and by precincts, and such chairman shall place the same

Hon. Ferry L. Jones - Page 10

for reference in the hands of the election officers of each election precinct before the polls are open. No primary election shall be legal, unless such list is obtained and used for reference during the election. Opposite the name of every voter on said list shall be stamped, when his vote is cast, with a rubber or wooden stamp, or written with pen and ink the words, 'primary--voted,' with the date of such primary under the same. For each list of all the qualified voters of the county <u>who have paid their poll taxes or received their certificates of exemption</u>, the collector shall be permitted to charge not more than five dollars, the same to be paid by the party or its chairmen so ordering said lists; provided, that the charge of five dollars shall be in full for the certified lists of all the voters of the county arranged by precincts, as herein provided."

Under the statutes quoted above, the Tax Collector authorized to include on the certified list only those person <u>who have paid their poll tax</u> or <u>received their certificates o exemption</u>. Inasmuch as other qualified voters are not requir to register with him, he would have no record of them from wh to compile a list. We answer your <u>Question 4</u> in the <u>negative</u>

       Question 5: "Is a person who comes within the terms of Article VI, section 2-a, of the Constitution of Texas, and who is otherwise a qualified voter, qualified to vote even though his name does not appear on the list of voters prepared by the Tax Collector?"

Article 216, Vernon's Annotated Penal Code of Texas quoted above, provides that an election judge who permits a person to vote, "whose name does not appear on the list of qualified voter . . . . <u>except in cases where no certificate of exemption or tax receipt is required</u>", shall be fined.

Although it was held in Tatt v. Cook, 281 S. W. 837 (Tex. Sup. Ct. 1926), that Article 2975 quoted above is manda tory, we find no requirement in the statutes that the list must include a person who is not required to pay a poll tax or to hold a certificate of exemption as a qualification for voting. Persons who are over sixty years of age and who do

not reside in a city of more than ten thousand inhabitants, fc example, would not be included in such lists because they are not required to have either a poll tax receipt nor a certifi- cate of exemption, yet they are entitled to vote if otherwise qualified.

In the case of State v. Fletcher, 50 S. W. (2d) 450 (Beaumont Civ. App. 1932), it was held that the fact that the lists of voters furnished to the election judges were not in statutory form did not vitiate the election.

There is no requirement that persons who qualify under Section 2a register with the Tax Collector or obtain an receipt or certificate from him. What we have said above wit regard to certificates of exemption applies with equal force here, that is, a person who qualifies as a voter under the Constitution is not to be disfranchised and refused the right to vote merely because the Legislature has not provided a procedure for placing his name on a list of voters.

Therefore, we answer your Question 5 in the affirma tive

Question 6: "Do election judges have authority to administer oaths in order to determine the qualifications of a voter?"

Article XVI, Section 2, of the Constitution of Texa provides, in part:

". . . . The privilege of free suffrage shall be protected by laws regulating elections and pro- hibiting under adequate penalties all undue influence therein from power, bribery, tumult or other improper practice."

Your attention is also invited to Article VI, Sect 4, quoted above.

Article 3002, Vernon's Annotated Revised Civil Sta utes, provides, in part:

"Judges of elections are authorized to administer oaths to ascertain all facts necessary to a fair and impartial election. . . ."

Article 3105, Vernon's Annotated Revised Civil Sta utes, provides, in part:

"Judges of primary elections have the authority, and it shall be their duty, to administer oaths. . . . as judges of general elections are authorized and required to do. . . ."

It clearly appears from Articles 3002 and 3105, quc above, that election judges have authority to administer oath to ascertain all facts necessary to a fair election, includir the qualifications of voters.

We answer your Question 6 in the affirmative.

Question 7: "If a person who comes within the terms of Article VI, section 2-a, of the Constitution of Texas is challenged at the polls, can the election judges legally require him to show his qualifications under oath before permitting him to vote?"

Question 8: "If a person who comes within the terms of Article VI, section 2-a, of the Constitution of Texas, and who is otherwise a qualified voter, upon being challenged, shows by his own oath (and in cities of 10,000 or more inhabitants, by the oath of a well known resident) that he isaqualified voter at such election, can the election judges legally refuse to accept his vote?"

Article 3006, Vernon's Annotated Revised Civil Stε utes, provides:

"When a person offering to vote shall be objected to by an election judge or a supervisor or challenger, the presiding judge shall examine him upon an oath touching the points of such objection, and, if such person fails to establish his right to vote to the satisfaction of the majority of the judges, he shall not vote. If his vote be received, the word, 'sworn', shall be written upon the poll list opposite the name of the voter."

Article 3007, Vernon's Annotated Revised Civil St utes, provides:

"In any election, State, county or municipal, being held in any city or town of ten thousand

on. ˜erry L. Jones, Page 13

inhabitants or more according to the preceding
Federal census, when the right of an elector to
vote is challenged, the following proceedings
shall be had:

"1. The judges of election shall refuse to
accept such vote of such elector unless in addi-
tion to his own oath he proves by the oath of one
well known resident of the ward that he is a
qualified voter at such election and in such ward.

"2. When such vote is accepted, the word
'challenged' shall be written on the ballot, and
the judges shall cause the clerk of election to
make a minute of the name of the elector and the
party testifying under oath as to his qualifica-
tions, and such memoranda shall be kept by the
county clerk of the county for six months after
such election is held, subject to order of the
district judge."

Article 217, Vernon's Annotated Penal Code of Texas
provides:

"Any judge of any election who shall refuse to
receive the vote of any qualified elector who, when
his vote is objected to, shows by his own oath that
he is entitled to vote, or who shall refuse to de-
liver an official ballot to one entitled to vote
under the law, or who shall wilfully refuse to re-
ceive a ballot after one entitled to vote has
legally folded and returned same, shall be fined not
to exceed five hundred dollars."

A person who swears falsely as to his qualificatic
or who votes when he knows that he is not a qualified voter,
who votes more than once, is subject to criminal prosecutioi
Articles 232, 234, 236, and 241, Vernon's Ann. Penal Code o:
Texas.

The constitutional amendment under consideration
provides that persons who qualify thereunder, and who are
otherwise qualified voters, shall not be required to pay a
poll tax or to hold a receipt for a poll tax as a condition

-recedent to their right to vote.  In answering your other
questions, we have held that such persons are entitled to vote
without obtaining a certificate of exemption and without being
included on the certified lists of voters prepared by the tax
collector.  How may such a person establish his right to vote
what may an election judge require of him?  Under the above
quoted statutes, the judge may require him to show by his own
oath (and in a city or town or 10,000 or more inhabitants, by
the oath of one well known resident) that he is qualified to
vote.  The election officials cannot legally require more.

Such a person is entitled to vote "in any election
held under the authority of the laws of this State, during th
time the United States is engaged in fighting a war, or withi
one year after the close of the calendar year in which said w
is terminated," if he shows by his own oath (and in a city or
town of 10,000 or more inhabitants, by the oath of a well kno
resident):

1.  That at the time of the holding of such electi
he is, or within 18 months immediately prior to the time of
holding such election was, a member of the armed forces of th
United States or of the Armed Force Reserve of the United
States, or of any branch or component part of such armed for·
or Armed Force Reserve, or the United States Maritime Servic
or the United States Merchant Marine; and

2.  That he is subject to none of the disqualifi-
cations stated in Article VI, Section 1, of the Constitution
of Texas; and

3.  That he has attained the age of twenty-one yea
and is a citizen of the United States and has resided in thi
State one year next preceding such election and the last six
months within the district or county in which such person
offers to vote.

The statement under oath may be either written or
oral, and we see no objection to the use of printed affidavi
forms.

(Note:  In elections "for the purpose of issuing
bonds or otherwise lending credit, or expending money or
assuming any debt," the Constitution, in Article VI, sectio
3a, imposes an additional requirement that "only qualified
electors who own taxable property in the State, county,

political sub-division, district, city, town or village where such election is held, and who have duly rendered the same for taxation, shall be qualified to vote and all electors shall v in the election precinct of their residence." The same requirement is made in Article 2955a, Vernon's Annotated Civil Statutes; and Article 2955b requires the Tax Collector to furnish the election judges a certified list of owners of re estate who have rendered same for taxes. In order to be "otherwise qualified" to vote in this kind of election, a person who qualifies under the constitutional amendment unde consideration would have to meet the above requirement.)

We answer your Question 7 in the affirmative, and your Question 8 in the negative.

Question 9: "Do your answers to the above questions apply to primary as well as general elections?"

The constitutional amendment under consideration expressly applicable to "any election held under the author of the laws of this state" during a specified period. An examination of the many statutes authorizing and governing primary elections (See Title 50, "Elections", Vernon's Ann. Rev. Civ. Statutes) impels the conclusion that such electio are held "under the authority of the laws of this state", and that Article VI, section 2a, of the Constitution is applicable to primary as well as general elections.

We answer your Question 9 in the affirmative.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By /s/ Raymond A. Lynch
Assistant

RAL:jt:jrb

APPROVED JAN. 17, 1946
/s/ Grover Sellers
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY BWB, Chairman